Nos. 24-1965, 24-1966, 24-2082, 24-2083

# In the United States Court of Appeals for the Federal Circuit

REGENERON PHARMACEUTICALS, INC.,
*Plaintiff-Appellee,*

*v.*

MYLAN PHARMACEUTICALS, INC., BIOCON BIOLOGICS INC.,
AMGEN USA, INC., CELLTRION, INC., FORMYCON AG, AMGEN
INC.,
*Defendants,*

SAMSUNG BIOEPIS CO., LTD.,
*Defendant-Appellant,*

Appeal from the United States District Court for the Northern District of
West Virginia in No. 1:24-md-3103-TSK, Chief Judge Thomas S. Kleeh

## APPELLEE REGENERON PHARMACEUTICALS, INC.'S REPLY IN SUPPORT OF MOTION TO RECONSIDER

DAVID I. BERL
THOMAS S. FLETCHER
ANDREW V. TRASK
SHAUN P. MAHAFFY
KATHRYN S. KAYALI
ARTHUR J. ARGALL III
ADAM PAN
CHRISTIAN GLADDEN-SORENSEN
RHOCHELLE KRAWETZ
WILLIAMS & CONNOLLY LLP
  *680 Maine Ave. SW*
  *Washington, DC 20024*
  *(202) 434-5000*

ELIZABETH S. WEISWASSER
WEIL, GOTSHAL & MANGES LLP
*767 Fifth Ave.*
*New York, NY 10153*
*(212) 310-8022*

PRIYATA PATEL
WEIL, GOTSHAL & MANGES LLP
*2001 M St. NW, Suite 600*
*Washington, DC 20036*
*(202) 682-7041*

*Attorneys for Plaintiff-Appellee*

*Counsel listing continues on inside cover*

JACOB E. HARTMAN
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK PLLC
  1615 M St. NW, Suite 400
  Washington, DC 20036
  (202) 326-7989

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2024-1965, 2024-1966, 2024-2082, 2024-2083 |
| **Short Case Caption** | Regeneron Pharmaceuticals, Inc. v. Mylan Pharmaceuticals Inc. |
| **Filing Party/Entity** | Regeneron Pharmaceuticals, Inc. |

---

**Instructions:**

1.  Complete each section of the form and select none or N/A if appropriate.

2.  Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3.  In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4.  Please do not duplicate entries within Section 5.

5.  Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/23/2024

Signature:   /s/ David I. Berl

Name:        David I. Berl

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Regeneron Pharmaceuticals, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☑   Additional pages attached

| | | |
|---|---|---|
| See Exhibit A | | |
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)    ☐   No    ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## **Exhibit A**

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

BIENERT KATZMAN LITTRELL WILLIAMS LLP: Anthony R. Bisconti

CAREY DOUGLAS KESSLER & RUBY PLLC: David R. Pogue, Jordan L. Damron, Michael W. Carey, Raymond S. Franks II, Steven R. Ruby, S. Benjamin Bryant

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC: Alyssa J. Picard, Andrew E. Goldsmith, Evan T. Leo, Grace W. Knofczynski, Mary Charlotte Y. Carroll, Sven Eric Henningson III

ROBINSON MILLER LLC: Keith J. Miller, Michael J. Gesualdo

UMHOFER, MITCHELL AND KING LLP: Matthew Donald Umhofer, Jonas Palmer Mann

WEIL, GOTSHAL & MANGES LLP: Anish R. Desai, Christopher M. Pepe, Jennifer Brooks Crozier, Kathryn Leicht, Kellie C. Van Beck, Matthew D. Sieger, Natalie C. Kennedy, Rocco Recce, Tom Yu, Yi Zhang, Zhen Lin

WILLIAMS & CONNOLLY LLP: Ellen E. Oberwetter, Haylee N. Bernal Anderson, Nicholas W. Jordan, Jennalee Beazley, Rebecca A. Carter, Renee M. Griffin, Teagan James Gregory

# TABLE OF AUTHORITIES

## CASES

*Apple Inc. v. Cal. Inst. of Tech.*,
    No. 18-2332, Dkt. 24 (Fed. Cir.) ..........................................................3

*In re Aflibercept Pat. Litig.*,
    No. 24-md-3103, Dkt. 194 (N.D. W. Va. June 24, 2024)..................................2

*In re Aflibercept Patent Litig.*,
    --- F. Supp. 3d ---, 2024 WL 1597512 (J.P.M.L. Apr. 11, 2024).....................4

*Samsung Elecs. Co. v. Power2B, Inc.*,
    No. 23-1629, Dkt. 14 (Fed. Cir.) .......................................................4

*StratosAudio, Inc. v. Hyundai Motor Am.*,
    No. 23-1719, Dkt. 16 (Fed. Cir.) .......................................................3

## ARGUMENT

The same district court in West Virginia found that SB, Formycon, and Mylan infringe the same patent based on their proposed biosimilars of the same reference product—Regeneron's Eylea®.[1]  That same district court rejected SB's, Formycon's, and Mylan's overlapping invalidity arguments, and found that the launch of their biosimilar products would produce the same kinds of irreparable harm to Regeneron.  Judicial efficiency is best served by resolving these parallel appeals in parallel.  And thanks to Regeneron's and Mylan's efforts to self-expedite, it is now possible to hear all three appeals together in the near future.  SB agrees that courts properly "may consider a prior adjudication of patent validity in weighing the likelihood of success on the merits"—which, given the recent acceleration of Mylan's appeal, is now possible for this Court to accomplish in the same sitting.  Redesignating Mylan's appeal as a companion to SB's and Formycon's thus would benefit the Court and the parties.  SB and Formycon offer no persuasive reason to resist that commonsense result.

---

[1] Regeneron responds in a single consolidated reply to the responses filed by SB, Formycon, and Celltrion.

1

1.     SB's efforts to deny the substantial overlap between its appeal and Mylan's defy credulity.  SB points to the cases' differing procedural postures.  But those differences are dwarfed by the cases' similarities.  The *Mylan* trial decision and the SB and Formycon preliminary injunction decisions address numerous common issues regarding the '865 patent, including written description, factual findings regarding the prior art and motivations of the POSA, and objective evidence of nonobviousness.  Given those interrelations, it is hardly surprising that the district court's order preliminarily enjoining SB cited its *Mylan* trial decision over two dozen times.  *In re Aflibercept Pat. Litig.*, No. 24-md-3103, Dkt. 194 (N.D. W. Va. June 24, 2024).  Especially given SB's agreement that courts properly "may consider a prior adjudication of patent validity in weighing the likelihood of success on the merits," SB Opp. 6 (No. 24-1965, ECF No. 46) (citing *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1452 (Fed. Cir. 1988)), it makes eminent sense for this Court to consider Mylan's post-trial appeal alongside SB's and Formycon's preliminary injunction appeals.  Common issues likewise pervade the district court's findings regarding irreparable harm—findings Mylan, SB, and Formycon all challenge on appeal.

2

SB notes that it raises invalidity issues that Mylan did not, such as obviousness-type double patenting ("ODP").  But SB concedes (at 5) that even as to some of those arguments, there are "subsidiary issues" that carry over from the *Mylan* case.  Resolving those subsidiary issues will necessarily require the Court to engage with the district court's detailed factual findings in *Mylan*.  It makes no sense for the Court to undertake that analysis two separate times just weeks apart.  SB also asserts a personal jurisdiction defense that Mylan does not.  That defense, however, is not complex—indeed, it is effectively foreclosed by precedent—and it can readily be addressed if necessary during SB's separate oral argument time.

In any event, there is no obvious reason why the mere presence of additional arguments should preclude the Court from considering them at the same time it resolves Mylan's appeal.  This Court has frequently *consolidated* appeals even when they involve different patents and different arguments. *See, e.g.*, *Apple Inc. v. Cal. Inst. of Tech.*, No. 18-2332, Dkt. 24 (Fed. Cir.) (consolidating five appeals and rejecting arguments "that the two sets of appeals concern different patents, that the two sets of appeals differ with respect to the grounds of alleged unpatentability, and that the underlying record also differs between the two sets of appeals"); *StratosAudio, Inc. v.*

*Hyundai Motor Am.,* No. 23-1719, Dkt. 16 (Fed. Cir.) (consolidating two cases involving the same patent and maintaining a third case involving "a separate, related patent" as a companion); *Samsung Elecs. Co. v. Power2B, Inc.,* No. 23-1629, Dkt. 14 (Fed. Cir.) (consolidating two sets of cross-appeals because of "related patents"). Restoring Mylan's companion status with SB and Formycon makes even more sense here, where the '865 patent "is asserted against all defendants" and "central in every case." *In re Aflibercept Patent Litig.,* --- F. Supp. 3d ---, 2024 WL 1597512, at *2 (J.P.M.L. Apr. 11, 2024).

2.    SB denies (at 6) that there is any new information that would justify reconsideration of the Court's earlier decision to separate Mylan's appeal from SB's and Formycon's. As Regeneron explained (Mot. 3-4), what has changed is that the assumptions underlying the Court's earlier decision have been overtaken by events. Then, it was unclear what the scope of the appeals would be and when Mylan's appeal would be fully briefed. Now, the overlap between the three appeals is plain; Regeneron has expedited the filing of its responsive brief by ten days; and Mylan has committed to resolving its appeal as expeditiously as possible and has informed Regeneron that it is planning to expedite the filing of its reply brief to the extent possible. As a result, the Mylan appeal will finish briefing approximately three weeks after

the SB and Formycon appeals.  These recent developments could not have been "previously presented" to the Court, *contra* SB Opp. 6, because they had not occurred at the time the parties briefed SB's earlier motion.

3.    SB contends (at 3) that it will be prejudiced if the appeals are re-companioned because it will "los[e] its first-mover status."  But SB is not, and never was, the "first-mover."  It was not the first to file a BLA for an aflibercept biosimilar; it was not the first applicant to obtain approval for an aflibercept biosimilar; and it was not the first applicant to litigate with Regeneron over its aflibercept biosimilar.  Mylan was.  If preserving a supposed "first-mover" advantage is a legitimate consideration in exercising this Court's docket management authority (it isn't), then it favors parallel consideration of Mylan's appeal, not disaggregation.

Nor is SB correct that re-companioning would allow its "other biosimilar competitors [to] catch up."  SB Opp. 3.  Formycon does not need to play catch up—its appeal is already on the same schedule as SB's, with both cases having briefing and appendices submitted before the Court's publication of its December oral argument calendar.  And the briefs and joint appendix in Mylan's case likewise will be submitted before the Court publishes its December calendar.  Hearing Mylan's almost-complete appeal with SB's and

Formycon's is therefore unlikely to result in *any* meaningful disadvantage to SB, let alone one sufficient to outweigh the downsides—to the Court and to the parties—of requiring the Court to hear and resolve the same issues regarding the same patent multiple times.

SB's complaint (at 3-4) that the existing preliminary injunction permits Regeneron to "convert its EYLEA customers to its next generation aflibercept product, EYLEA HD," is irrelevant. The injunction exists because SB was found likely to infringe Regeneron's valid patent. Hearing SB's appeal with Mylan's will not change that fact. Regardless, the Court has already found that SB would not be prejudiced by maintaining the injunction and the status quo when it rejected SB's motion for a stay earlier in this appeal, notwithstanding Regeneron's sale of Eylea® HD. Nothing in SB's opposition undermines that analysis.

4.    Mylan did not oppose this motion to reconsider the Court's August 29 Order. Nor did Celltrion, which *agrees* that all four appeals "include overlapping legal and factual issues concerning the validity of the same Regeneron patent." Celltrion Resp. 1 (No. 24-2009, ECF No. 37). But Celltrion requests that the Court "reinstate all four cases as companions as originally determined by the Court on July 24, 2024." *Id.*

As explained in Regeneron's motion, Celltrion's opening appeal brief was only recently filed. That appeal also presents no new issues and involves a product that is not yet FDA approved. Regeneron therefore submits that the most efficient course is for the Court to hear Celltrion's appeal separately and in the ordinary course. If the Court concludes, however, that Celltrion's appeal should be heard with the other appellants' appeals for purposes of oral argument, Regeneron will proceed accordingly, including by self-expediting the filing of its brief if doing so would be convenient for the Court.

\*    \*    \*    \*    \*

Regeneron respectfully requests that the Court reconsider its order granting in-part SB's motion and that it re-designate Mylan's appeal as a companion to SB's and Formycon's appeals. In the alternative, Regeneron does not oppose Celltrion's request to consolidate the appeals of SB, Formycon, Mylan, and Celltrion for purposes of oral argument.

SEPTEMBER 23, 2024

Respectfully submitted,

/s/  David I. Berl

DAVID I. BERL
THOMAS S. FLETCHER
ANDREW V. TRASK
SHAUN P. MAHAFFY

KATHRYN S. KAYALI
ARTHUR J. ARGALL III
ADAM PAN
CHRISTIAN GLADDEN-
SORENSEN
RHOCHELLE KRAWETZ
WILLIAMS & CONNOLLY LLP
 *680 Maine Ave. SW*
 *Washington, DC 20024*
*(202) 434-5000*

ELIZABETH S. WEISWASSER
WEIL, GOTSHAL & MANGES LLP
 *767 Fifth Ave.*
 *New York, NY 10153*
 *(212) 310-8022*

PRIYATA PATEL
WEIL, GOTSHAL & MANGES LLP
 *2001 M St. NW, Suite 600*
 *Washington, DC 20036*
 *(202) 682-7041*

JACOB E. HARTMAN
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK PLLC
 *1615 M St. NW, Suite 400*
 *Washington, DC 20036*
 *(202) 326-7989*

*Attorneys for Plaintiff-Appellee*

## CERTIFICATE OF SERVICE

I certify that today, September 23, 2024, I electronically filed the foregoing Motion of Plaintiff-Appellee with the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit using the appellate CM/ECF system. Counsel of record for all parties will be served by the appellate CM/ECF system.

SEPTEMBER 23, 2024                              /s/ David I. Berl
                                               DAVID I. BERL

                                               *Attorney for Plaintiff-Appellee*

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE LIMITATION AND WORD-COUNT

1.    This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). This motion contains 1,408 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b).

2.    This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This motion has been prepared in a proportionally-spaced typeface using Microsoft Word in fourteen-point CenturyExpd BT style.

/s/ David I. Berl

SEPTEMBER 23, 2024        DAVID I. BERL

*Attorney for Plaintiff-Appellee*